José A. REXACH, demandante y apelado, *v.* FÉLIX BENÍTEZ REXACH y F. BENÍTEZ REXACH, INC., demandados y apelantes.

No. 4277.—*Visto:* Enero 30, 1928. *Resuelto:* Febrero 24, 1928.

1. APELACIÓN Y ERROR—ALEGATOS—TÉRMINO PARA SU RADICACIÓN—PRÓRROGAS —ESTIPULACIONES DE LAS PARTES.—A la Corte Suprema, y no a los abogados mediante estipulación verbal, corresponde prorrogar el término fijado por sus Reglas para la radicación de los alegatos; las estipulaciones sobre dicho término deben hacerse por escrito y someterse a dicha corte para su aprobación.

2. APELACIÓN Y ERROR—ALEGATOS—OMISIÓN O FALTA DE RADICARLO DENTRO DEL
    TÉRMINO—DESESTIMACIÓN DE RECURSO.—Solicitada la desestimación de un
    recurso por falta de radicar el alegato en tiempo, si el apelante no pro-
    porciona a la corte motivos suficientes para que ésta pueda ejercitar su dis-
    creción, la moción de desestimación debe declararse con lugar y desestimarse
    el recurso.

MOCIÓN sobre desestimación de apelación, interpuesta ésta contra re-
    solución de *Domingo Sepúlveda*, J. (San Juan), negándose a di-
    solver embargo decretado sin fianza. *Con lugar.*

*Guerra Mondragón & Soldevila,* abogados de los apelantes; *J. H.
    Brown* y *Clemente Ruiz,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
    tribunal.

Los autos de esta apelación quedaron definitivamente ra-
dicados en la Secretaría de esta Corte Suprema el 27 de
mayo de 1927. El 6 de junio siguiente se solicitó una pró-
rroga de veinte días para presentar el alegato que fué con-
cedida, quedando el término legal extendido hasta el 27 de
junio de 1927.

[1, 2] Así las cosas, el 23 de enero de 1928 o sea más de
seis meses después de vencido el término, la parte apelada
presentó una moción pidiendo la desestimación del recurso
por no haberse presentado el alegato.

La parte apelante se opuso por medio de una moción
jurada alegando que antes de vencer el término su abogado
el Sr. Soldevila habló con el Sr. Ruiz Nazario, abogado de
la apelada y entre ambos convinieron en que siendo el Sr.
Guerra el abogado que tenía a su cargo la presentación del
alegato del apelante y encontrándose sumamente ocupado
en gestiones de carácter público y profesional, se tomaría
algún tiempo más para preparar dicho alegato, estipulán-
dose "que si la radicación del documento tardaba tiempo
mayor que el que estimare razonable el abogado del ape-
lado, éste no solicitaría la desestimación sin antes avisar tal
propósito con razonable antelación," lo que no hizo, siendo
el primer aviso dado al abogado del apelante la presentación
de la solicitud de desestimación. A la moción de oposición

que se archivó el 30 de enero de 1928, se acompañó el alegato del apelante en el recurso.

La parte apelada presentó una contestación jurada a la moción de oposición. En ella admitió que uno de sus abogados, Ruiz Nazario, convino con otro de los abogados del apelante, Soldevila, en que el apelante se tomaría algunos días más, para radicar su alegato, pero negó que tal convenio fuera celebrado en atención a que el Sr. Guerra fuese el abogado que tenía a su cargo la preparación del alegato y estuviera ocupado en gestiones de carácter público y profesional, así como también que estipulara que si la radicación tardaba tiempo mayor que el que estimare razonable, no pediría la desestimación del recurso sin antes avisar al apelante. Sostiene que el término que se fijó verbalmente se convino en que no fuera mayor de dos semanas. Admite que el primer aviso dado lo fué por medio de la presentación de la moción de desestimación, pero insiste en que no convino en dar tal aviso previo.

Ambas partes informaron oralmente en el acto de la vista sosteniendo sus respectivas posiciones y así quedó el caso sometido a nuestra consideración y resolución.

Lo ocurrido revela lo arriesgado que es la celebración de convenios verbales, especialmente la de aquellos que abarcan diferentes extremos. Dejando a un lado los casos de mala fe y tomando en consideración únicamente los de buena fe la experiencia demuestra lo difícil que es recordar todos los detalles.

Se trata de términos fijados por las reglas de la corte y es a la corte a la que corresponde prorrogarlos cuando se le muestran razones suficientes para ello. La estipulación no sólo debió haberse celebrado por escrito si que también debió haber sido sometida a la corte.

Vacilamos en la resolución que debemos adoptar porque la tendencia de este tribunal ha sido siempre la de hacer todo lo posible porque los recursos se decidan por sus méritos, pero tampoco podemos olvidar que una buena admi-

ministración de la justicia exige reglas de tramitación y que esas reglas se cumplan.   De otro modo las partes confiando en que al fin la corte siempre oiría su caso, prescindirían del cumplimiento de las reglas.

Si se tratara de la tardanza de dos, cuatro o seis semanas, quizá deberíamos ejercitar nuestra discreción en favor del apelante, pero se trata de más de seis meses y en verdad no nos sentimos justificados para tomar tal medida.

Además hemos leído el alegato del apelante para tener una idea de los méritos envueltos y a nuestro juicio no presenta una cuestión que a primera vista parezca ilegal o injusta.

En primer lugar sólo contiene doce páginas en maquinilla y si bien envuelve cuestiones de hecho y de derecho interesantes y bien presentadas y estudiadas, sólo hay que volver la vista a la transcripción de los autos para cerciorarse de que todas dichas cuestiones fueron levantadas y argumentadas ampliamente en la corte de distrito por los mismos abogados que defienden al demandado, en la apelación.   Siendo ello así, no se concibe la necesidad ni aún de la primera prórroga solicitada el 6 de junio de 1927 para archivar el alegato.

Se trata simplemente de una medida provisional, dictada en el pleito.   Se pidió por el demandante el aseguramiento de la sentencia sin fianza por aparecer la obligación de documento auténtico y así lo decretó la corte.   El demandado pidió la disolución del embargo especialmente porque se había decretado sin fianza.   La cuestión se discutió ampliamente y la corte sostuvo su resolución.   El demandado entonces interpuso el presente recurso.   En su alegato admite que los documentos en que se basa la demandada son auténticos pero insiste en que la obligación que surge de ellos no era claramente exigible.   También sostiene que el embargo trabado era nulo por haberlo sido sobre un muelle y propiedades de servicio público, y del Pueblo de Puerto Rico.

Siendo ésas las circunstancias concurrentes, es necesario reconocer que la moción del apelado está bien fundada y que no habiendo el apelante proporcionado a la corte motivos suficientes para ejercitar su discreción, de acuerdo con con la ley, las reglas y la constante jurisprudencia, la indicada moción debe ser declarada *con lugar y en su virtud desestimarse el recurso.*